RICHARDSON *v.* BOYD.

Opinion delivered June 8, 1901.

CONTINUANCE—ABSENCE OF DEFENDANT—DISCRETION.—Where defendant and his leading counsel were absent from the trial because they were misinformed by plaintiff as to the day set for the hearing, and defendant was an important witness, it was an abuse of discretion to refuse a postponement for one day, in order that defendant and his counsel might be present.

Appeal from Sevier Circuit Court.

WILL P. FEAZEL, Judge.

This was an action by R. A. Boyd against D. C. Richardson. The cause was set for trial on Wednesday of the second week of court, in the absence of defendant and his counsel, but plaintiff informed defendant's junior counsel that the cause was set for Thursday of the second week of court, and the latter notified defendant and his leading counsel. Afterwards plaintiff informed defendant's junior counsel that he had been mistaken, and that the cause was set for Wednesday, instead of Thursday, but it was then too late to get word to defendant and his leading counsel in time for them to be present. When the cause was called on the day set, defendant's junior counsel set up the foregoing facts, and asked a postponement until the following day, alleging, in addition, that there were facts essential to the defense which no

one but defendant could prove.    The court overruled the motion, stating that counsel for defendant should not have relied upon the information received from plaintiff.    There was judgment for plaintiff, from which defendant has appealed.

*L. A. Byrne,* for appellant.

It was an arbitrary abuse of discretion for the trial court to deny appellant's motion for continuance; and in so doing the court committed reversible error.    21 Ark. 460; 40 Ark. 114.

WOOD, J.    The non-attendance of the defendant (appellant) and his leading counsel, it appears, was because of a misapprehension of facts caused by the statement of the plaintiff (appellee) which was believed and acted upon, and which was incorrect. To force the trial in the absence of the defendant and his leading counsel under such circumstances would be enabling the plaintiff to gain an unjust advantage through his own wrong.    It matters not, in the result to the defendant, whether the wrong was intended or not.    Without entering fully into the merits of the controversy, it is easy to see that the defendant had not only reason for being present himself in person, but needed the assistance of his leading counsel.    The refusal of the court to grant a continuance, or at least a postponement of the trial, under the circumstances, for a short time, to allow an opportunity for the defendant and his leading counsel to be present was, we think, an unreasonable exercise of the court's discretion, which should be corrected by a reversal of the judgment and a new trial.    It is so ordered.