PEKIN COOPERAGE COMPANY *v.* DOUGHTON.

Opinion delivered March 22, 1915.

CONTINUANCES—ABSENCE OF COUNSEL.—Where defendant's counsel is absent on the day set for a trial in pursuance of, and in reliance upon, an agreement with plaintiff's counsel that the cause would be continued, it is an abuse of the discretion of the trial court to refuse to grant a continuance.

Appeal from Montgomery Circuit Court; *Calvin T. Cotham,* Judge; reversed.

*J. I. Alley,* for appellant.

The court abused its discretion in refusing to grant a continuance as requested by plaintiff. 69 Ark. 368; 59 Ark. 162; 60 Wis. 293; 99 Ind. 296; 62 Tex. 65.

*Block & Kirsch,* for appellee.

It is not error to overrule a motion for a continuance on account of the absence of witnesses, if the motion fails to state where the witnesses reside, or what is expected to be proven by them. 93 Ark. 290; 71 Ark. 62; 74 Ark. 44; 91 Ark. 567.

The court in overruling the motion for a continuance did not commit an act of flagrant injustice to plaintiff. 93 Ark. 119; 99 Ark. 581; 94 Ark. 169; 94 Ark. 538; 103 Ark. 352; 100 Ark. 132; 96 Ark. 354; 78 Ark. 299.

SMITH, J. Appellant brought an action of replevin to recover certain staves, and when the cause was called for trial a motion and an affidavit for a continuance were filed, and upon the hearing of this motion an attorney

for the appellant testified to substantially the following facts: That witness was the local attorney for appellant, and was acting for and in conjunction with its regular attorney, who resided in Paragould. That Paragould was the headquarters of the appellant company, at which place all of its records, including the record of the inspection of the staves in controversy, were kept. That about two weeks before court convened the attorney for appellee asked witness to agree to a continuance of the cause for the term on account of the illness of appellee's attorney, and that it was agreed that the cause should be continued. That just before the first day of the court appellant's general manager came to Mt. Ida to assist in the preparation of the cause for trial, but was advised of the agreement for the continuance, whereupon its general manager wired appellant's attorney at Paragould that he need not attend court for the reason that a continuance had been agreed upon, and the witness was not advised that a trial would be asked for until the second day of the court. When court convened appellee had secured other counsel and demanded a trial of the cause, whereupon the witness immediately wired the appellant company at Paragould of that fact, and appellant undertook to advise its regular attorney, but found that he had left for Washington City. The witness further testified, in substantiation of the statements contained in the motion and affidavit, that it would be impossible to prepare for trial and to get its witnesses there. It is true that it was not shown who these witnesses were, nor what their testimony would have been, and it is insisted that there was no abuse of the court's discretion in refusing a continuance for that reason.

Where a continuance is asked on account of an absent witness, it is, of course, essential that a showing be made of the materiality of the evidence of the absent witness, and that diligence was used to secure the attendance of the witness. But we think that rule is not to be applied here. The evidence offered upon the hearing of this motion for the continuance was undisputed, and it ap-

pears that appellant was in no default whatever. It is true its local attorney was in attendance upon the court, but appellant had the right to have its regular counsel, who was expected to try the case, in attendance, and the case would have been ready for trial but for the agreement made by the attorneys for the respective parties. Appellant offered no proof at the trial and judgment was rendered against it by default. Trial courts are necessarily vested with a very large discretion in granting or refusing continuances, but under the proof in this case we must hold that the court below should have granted the continuance. A case similar to this, and one which announces the principle which controls here, is that of *Richardson* v. *Boyd,* 69 Ark. 368.

For the error indicated the judgment is reversed and the cause remanded.